**Kelly R. NICHOLS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9612–CR–841.

Court of Appeals of Indiana.

Aug. 20, 1997.

Annette K. Fancher, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Kelly Nichols was convicted of carrying a handgun without a license. Her appeal raises the sole question of whether the state failed to present at trial necessary evidence of her criminal intent. In relevant part the statute, Indiana Code § 35–47–2–1, provides: "... [A] person shall not carry a handgun in any vehicle or on or about his person ... without a license issued under this chapter being in his possession."

The undisputed evidence adduced at trial disclosed that at the time in question Nichols was a passenger in a car being driven by one, Alex Piano. Police stopped the vehicle because one of its headlights was out. When the officer discovered that the driver had no operator's license, he placed the driver under arrest. When Piano stepped out of the car, the officer asked if he had any weapons in the car and Piano replied that he did not. The officer then asked Ms. Nichols to step out of the car and inquired whether she had any weapons. She replied, "Yes, I do" and pointed to her waistband where the butt of a pistol was visible. The officer removed the gun and asked if Ms. Nichols had a permit to carry it. When she replied that she did not, the officer arrested her.

In addition, Ms. Nichols testified at trial that when the police activated the lights on the police car behind them, Piano handed her the gun and said, "Take this because I'm going to jail, and take it home." She responded "Okay." She also testified that she took the gun because she was afraid to say no and that she had it in her possession for less than two minutes before showing it to the police officer. She said that she was frightened of Piano "because he doesn't have respect for women and he will hurt them. [She had] been hurt by him before."

Nichols argues that culpability should be a necessary element of the offense. The spe-

 

cific application of this argument is largely undeveloped but she contends that, under her version of the events, because she possessed the gun for only a few minutes and possessed it because she feared Piano, no culpability was established[1]. Because the State's brief also exhibits some confusion on the *mens rea* element of this offense, we will attempt some clarification. We begin by noting that the terms "culpable" and "culpability" mean blameworthy, but do not necessarily denote moral wrong.

The intent requirement for the offense is that the person charged voluntarily engaged in the conduct of having on her person an unlicensed handgun. *McAnalley v. State*, 514 N.E.2d 831 (Ind.1987). As prescribed by Indiana Code § 35–41–2–1(b) it is a defense to a claim of voluntary possession if the person accused "was not aware of his possession for a time sufficient for him to have terminated his possession." Thus, for example, had Piano, unbeknownst to Nichols, hidden the gun in her coat pocket, or had he handed the gun to her and then she was arrested before she had time to reject possession, the voluntariness element of the intent would be missing. Here, however, under her own version of the evidence, she knowingly accepted possession of the gun and tucked it into her waistband. Thus, voluntary possession was clearly established.

Her claim that she accepted the gun because of fear of Piano does not directly rebut the claim of voluntary possession. Rather, it indicates duress; that she was coerced into accepting and maintaining possession. Duress, of course, may be a defense, but it is established only if the person was compelled by threat of imminent serious bodily injury to himself or another person (or in the case of non-felonies, by force or threat of force) Indiana Code § 35–41–3–8. Nichols has not argued a defense of duress, and the evidence at trial was clearly insufficient to establish the defense.

The conviction was proper.

Affirmed.

ROBERTSON, J., concurs.

STATON, J., concurs in result.

---

1. We note that the fact finder was not bound to credit this testimony. It appears from the record that Nichols did not at any point tell the police that the gun was not hers.